**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JUNIOR MARTE GUILLEN, | Civil Action No. 26-3285 (SDW) |
| Petitioner, | |
| v. | OPINION |
| LUIS SOTO, et al., | |
| Respondents. | |

**IT APPEARING THAT:**

1.      Presently before this Court is the second petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Second Petition") filed by Petitioner Junior Marte Guillen, who is presently detained by Immigration and Customs Enforcement ("ICE").  (ECF No. 1).

2.      Petitioner is a citizen of Venezuela.  (*Id.* ¶ 14).  He entered the United States on or around May 11, 2023.  (*Id.* ¶ 20).

3.      He filed an application for Temporary Protected Status ("TPS") with U.S. Citizenship and Immigration Services ("USCIS").  (*Id.* ¶ 22).

4.      He was detained by ICE on June 5, 2025 after being called in.  (*Id.* ¶ 24).

5.      ICE initiated removal proceedings on June 29, 2025, (*id.* ¶ 25), and his asylum application was denied on September 9, 2025, (*id.* ¶ 26).  He filed an appeal with the Board of Immigration Appeals ("BIA") on October 9, 2025, which is still pending.  (*Id.* ¶ 26).

6.      Petitioner filed a habeas corpus petition on November 25, 2025.  *See Guillen v. Soto*, No. 2:25-cv-17917 (D.N.J.) ("First Petition").

7.      This Court issued a text order on December 1, 2025 directing Respondents to either provide Petitioner with a bond hearing or file an answer distinguishing the facts from the recent

decision in *Bethancourt-Soto v. Soto*, 807 F. Supp. 3d 397 (D.N.J. 2025).  (First Petition ECF No. 3).

8.      Respondents did not file any answer arguing that Bethancourt-Soto was factually distinguishable from the facts in *Bethancourt-Soto v. Soto*.  Instead, Petitioner had a bond hearing before Immigration Judge Ramin Rastegar on December 5, 2025.  (ECF No. 5-1).  Immigration Judge Rastegar concluded that Petitioner presented a flight risk and denied bond.  (*Id.* at 2).

9.      On December 19, 2025, Petitioner filed a motion for reconsideration of this Court's order granting a bond hearing and asked this Court to order his immediate release.  (First Petition ECF No. 12).  This Court denied the motion for reconsideration on January 13, 2026.  (First Petition ECF No. 20).

10.      This Second Petition followed on March 27, 2026.  (ECF No. 1).  Petitioner asserts that his detention has become prolonged in violation of his due process rights.  (*Id.* at 25).  He also asserts that his pending TPS application prohibits Respondents from removing or detaining him. (*Id.* at 14).

11.      Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

12.      "The TPS program 'provides humanitarian relief to foreign nationals in the United States who come from specified countries.'" *Echeverria v. Janecka*, No. 1:25-cv-01832, 2026 WL 44896, at *1 (E.D. Cal. Jan. 7, 2026) (quoting *Sanchez v. Mayorkas*, 593 U.S. 409, 412 (2021)). "That status, once granted, provides a noncitizen with certain benefits 'for as long as the TPS

2

designation lasts.' Those benefits include a statutory prohibition on the noncitizen's removal and detention." *Id.* (quoting *Sanchez*, 593 U.S. at 412); *see also* 8 U.S.C. §§ 1254a(a)(1), (d)(4).

13.    However, removal proceedings may continue and a noncitizen "may even be ordered removed while under TPS, though the order remains inexecutable so long as the [noncitizen] remains a TPS beneficiary." *Duarte v. Mayorkas*, 27 F.4th 1044, 1054 (5th Cir. 2022) (citing *Dhakal v. Sessions*, 895 F.3d 532, 537 n.8 (7th Cir. 2018); *Matter of Sosa Ventura*, 25 I. & N. Dec. 391, 393 (BIA 2010)).

14.    Petitioner has not been granted TPS designation, but he argues that he has made a prima facie case of TPS eligibility and that eligibility prevents Respondents from removing him. (ECF No. 6 at 2).

15.    A noncitizen "provided temporary protected status under this section shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States." 8 U.S.C. § 1254a(d)(4). Section 1254a(a)(4)(B) extends some benefits to TPS applicants, but those benefits "are protection from removal from the United States and an employment authorized endorsement or other appropriate work permit. That is all." *Geincharles v. Rokosky*, No. 26-cv-0150, 2026 WL 266093, at *2 (D.N.J. Feb. 2, 2026) (cleaned up); *see also* 8 U.S.C. § 1254a(a)(1).

16.    "[I]t is plain that Congress did not intend to give TPS applicants the full protections and benefits that are accorded to TPS recipients. By its plain language, § 1254a(d)(4) only applies to noncitizens who are TPS *recipients*; TPS *applicants* are protected from removal while their applications were being considered, but not detention." *Geincharles*, 2026 WL 266093, at *3 (emphasis added).

3

17.    Assuming without deciding that Petitioner is eligible for TPS, that status does not prohibit his detention.

18.    Petitioner also is not entitled to relief on his prolonged detention argument.

19.    Petitioner relies on *German Santos v. Warden Pike County Correctional Facility,* 965 F.3d 203 (3d Cir. 2020).  (ECF No. 1 at 16).  There, the court concluded that the Due Process Clause requires a bond hearing for noncitizens detained pursuant to 8 U.S.C. § 1226(c) when their detention becomes unreasonably prolonged.  965 F.3d at 201-11.  Significantly, it would be the government's burden at the hearing to justify Petitioner's continued detention by clear and convincing evidence.  *Id.* at 213.

20.    Petitioner has been detained for approximately 10 months, but duration alone cannot "sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations."  *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 277 (3d Cir. 2018).  "Unlike § 1226(c) detainees … who were detained for prolonged periods without being given any opportunity to apply for release on bond, [Petitioner] was granted meaningful process prior to filing his habeas petition."  *Id.* at 279-80.

21.    "The Third Circuit recognized the concern that, despite an initial bond hearing, detention under § 1226(a) might become unreasonably prolonged and may warrant relief beyond the bond hearing provided by the statute and its implementing regulations."  *Chinoso Onuwa v. Field Office Director*, No. 26-2403, 2026 WL 772435, at *2 (D.N.J. Mar. 19, 2026) (cleaned up) (citing *Borbot*, 906 F.3d at 280).  However, it declined to decide what those circumstances may be.  *Id.*

22.    Here, Petitioner has been detained for significantly less time than the petitioner in *Borbot*, who had been detained for two years before filing his petition.  He also had a bond hearing

a few months ago.  Petitioner's "relatively brief detention since that date without a bond hearing does not violate his due process rights." *Viantsko v. Lowe*, No. 4:26-cv-00563, 2026 WL 963038, at *4 (M.D. Pa. Apr. 9, 2026).

23.     Having reviewed the record and the parties' arguments, this Court concludes that that Petitioner has not presented any evidence warranting further relief at this time.[1]

24.     An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: April 14, 2026

---

[1] This Court notes that § 1226(a) detainees are entitled to request a custody redetermination from the immigration courts upon a showing of changed circumstances.  8 C.F.R. § 1003.19(e).